**Diturije GORKA, Rasim Gorka, Klodi Gorka, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 04–6217–AG NAC.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioners.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

R. Schultz, Chief, Appellate Divison, Emily M Smachetti, Laura Thomas Rivero, Assistant United States Attorneys, Miami, Florida, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioners Diturije, Rasim, and Klodi Gorka (the "Gorkas") petition for review of the November 2004 final order of removal of the Board of Immigration Appeals ("BIA") affirming and adopting the decision of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

Where the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales,* 331 F.3d at 306–13; *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Here, the IJ's adverse credibility determination was supported by "specific, cogent reasons," *Zhou Yun Zhang,* 386 F.3d at 74, and, thus, the BIA's denial of asylum was proper. First, the IJ properly based his adverse credibility determination on the inconsistencies in the Gorkas' testimonies concerning the fires in their home which formed the basis for their asylum claims. For example, the Gorkas could not provide consistent accounts of: (a) whether any threats were made during either fire, (b) who had reported the first fire, (c) the extent of damage caused by the first fire, and (d) whether there were any witnesses to the first fire.

The IJ also correctly reasoned that Diturije's assertion that the same individuals who were responsible for the fires killed her sister-in-law was implausible, given her testimony that she had not seen anyone start either fire. Moreover, Diturije's inconsistent testimony concerning the alleged threats to her family contributed to her lack of credibility. Finally, Rasim's testimony that he "forgot" to mention that there were witnesses to the first fire was implausible and thus "begged credibility" in light of the significance of such an event and the importance of such a detail. Significantly, each of these inconsistencies and implausibilities involved central elements of the Gorkas' claims for asylum.

Because the Gorkas failed to meet the standard for asylum as a result of their non-credible testimony, they also failed to meet the higher standard for granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Additionally, the IJ's finding that the Gorkas' testimonies were not credible supports the IJ's decision to deny them CAT relief because their testimonies formed the "only potentially valid basis" for their CAT claim. *See Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in

accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).